**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS M. ZAMORA,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>    Defendant. | CASE NO. ED CV 04-01263 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

    Plaintiff's sole claim in this action is that the credibility finding of the Appeals Council – which examined post-hearing evidence and, having done so, adopted the Administrative Law Judge's prior finding that Plaintiff's subjective testimony was not fully credible – was unsound. The Court disagrees with Plaintiff and thus will affirm.

    Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain – and how that pain affects the claimant's ability to work – only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court

to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994).

Here, the Appeals Council indicated that it had considered new (that is, post-hearing) evidence "concerning the subjective complaints" but nevertheless "adopt[ed] the Administrative Law Judge's conclusions in that regard . . . ." AR 11. The Administrative Law Judge supplied several reasons for discounting Plaintiff's subjective complaints. First, he noted that Plaintiff "failed to appear for the scheduled orthopedic examination and assessment on July 17, 2003, with no reasonable expectation for same [citation to Administrative Record (AR) 99]." It was not unreasonable for a fact-finder to view with suspicion, and even to infer the falsity of, Plaintiff's subjective report of pain and other orthopedic symptoms when the plaintiff fails, without excuse, to appear for the very sort of consultative orthopedic examination that would have put those reports to the test.

Second, the Administrative Law Judge pointed out that "[n]o treating physician has credibly precluded the claimant from all work activities, [although] it is conceded that his impairment results in limitations. These limitations were considered by the vocational expert in testifying that jobs could still be performed." In other words, although any medical evidence – from the doctors whom Plaintiff *did* permit to examine him – of a *total* inability to work was lacking, Plaintiff's clear need for some physical restrictions already has been factored in to the underlying decision.

These reasons are specific, legitimate, and supported by substantial evidence in the record. The credibility finding that they support satisfies the *Bunnell* standard and thus supplies no basis for reversal or remand.

For the foregoing reasons, the underlying decision is affirmed.

DATED: April 11, 2007

---
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE